# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**SOLOMON EDDIE BURNETTE,**

      **Petitioner,**

      v.                                       **CIVIL ACTION NO. 2:12cv43**
                                                          **(Judge Bailey)**

**WARDEN TERRY O'BRIEN**

      **Respondents.**

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On June 18, 2012 the *pro se* petitioner, Solomon Eddie Burnette, filed an Application for Habeas Corpus pursuant to 28 U.S.C. §2241. The petitioner is a federal inmate housed at USP Hazelton and is challenging the validity of his conviction and sentence imposed in the United States District Court for the Western District of Tennessee. This matter is pending before the undersigned for an initial review and Report and Recommendation.

### II. FACTS

On April 17, 1995, a one-count indictment was filed against the petitioner in the United States District Court for the Western District of Tennessee. On May 16, 1995, the grand jury returned a four-count superseding indictment. The petitioner was charged in Count One (1), as a convicted felon, with possession of a firearm on June 29, 1994, in violation of 18 U.S.C. § 922(g). See 2:02-cv-02954-BBD, Doc. 2[1]. In Count Two (2), as a convicted felon, with possession of a firearm on August 8, 1994, another violation of 18 U.S.C. § 922(g). Id. In Count

---

[1] Document available on PACER.

Three (3), possession of 0.2 grams of crack cocaine with the intent to distribute, a violation of 21 U.S.C. § 841(a)(1). Lastly, in Count Four (4), carrying and using a firearm during and in relation to a drug-trafficking offense, in violation of 18 U.S.C. § 924©. Id.

On August 3, 1999, following a jury trial, the petitioner was convicted on all four counts of the superseding indictment and was sentenced to 387 months imprisonment. (Doc. 1-1, p. 4). The United States Court of Appeals for the Sixth Circuit affirmed the judgment of the District Court. United States v. Burnette, 21 Fed. Appx. 392 (Oct. 10, 2001). Thereafter, on October 10, 2002 the petitioner filed a 28 U.S.C. § 2255 motion which was denied on December 31, 2002. See 2:02-cv-02954-BBD, Doc. 2. The petitioner now attacks the validity of his conviction via a §2241 petition in which he asserts the following grounds for relief: (1) the government withheld evidence during trial; (2) the petitioner's § 2241 claims falls under the § 2255 "savings clause" exemption because a remedy under § 2255 is "inadequate or ineffective to test the legality of his detention;" (3) the elements of the offenses and the corresponding sentencing factors were unconstitutional; and (4) ineffective assistance of counsel. (Doc. 1-1, p. 3-17).

### III. ANALYSIS

The primary means of collaterally attacking a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255. A § 2241 petition is used to attack the manner in which a sentence is executed. Thus, a § 2241 petition that challenges a federal conviction and sentence is properly construed to be a § 2255 motion. The only exception to this conclusion is where a § 2241 petition attacking a federal conviction and sentence is entertained because the petitioner can satisfy the requirements of the "savings clause" in § 2255. Section 2255 states:

> An application for a writ of habeas corpus in behalf of a prisoner

who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added).

The law is clearly developed, however, that merely because relief has become unavailable under § 2255 because of a limitation bar,[2] the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate of ineffective. In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997). Moreover, in Jones, the Fourth Circuit held that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §

---

[2] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255.
The limitation period shall run from the last of:
a. The date on which the judgment of conviction becomes final;
b. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
c. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
d. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. §2255.

2255 because the new rule is not one of constitutional law.[3]

In re Jones, 226 F.3d 328, 333-334 (4th Cir. 2000).

In this case, the petitioner asserts, among other things, that he is actually innocent. However, in order to raise a claim of actual innocence under § 2241, the petitioner must first establish that he is entitled to review under § 2241 by meeting the Jones requirements.[4] This the petitioner has not, and cannot, do. Even if the petitioner satisfied the first and the third elements of Jones, the crimes for which the petitioner was convicted remain criminal offenses, and therefore the petitioner cannot satisfy the second element of Jones. Therefore, because the petitioner clearly attacks the validity of his conviction and sentence, and fails to establish that he meets the Jones requirements, the petitioner has not demonstrated that § 2255 is an inadequate or ineffective remedy and has improperly filed a § 2241 petition.

## IV. **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition

---

[3] The "gatekeeping" requirements provide that an individual may only file a second or successive §2255 motion if the claim sought to be raised presents:
(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
28 U.S.C. § 2255; see Jones, 226 F.3d at 330.

[4] See Bousley v. United States, 523 U.S. 614, 623 (1998) (In order to "open the portal" to a § 2241 proceeding, the petitioner must first show that he is entitled to the savings clause of § 2255. Once those narrow and stringent requirements are met, the petitioner must then demonstrate actual innocence. Actual innocence means factual innocence, not mere legal insufficiency.); see also Herrera v. Collins, 506 U.S. 390, 404 (1993) ( "A claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."); Royal v. Taylor, 188 F. 3d 239, 243 (4th Cir. 1999) (federal habeas relief corrects constitutional errors). Thus, a freestanding claim of actual innocence is not cognizable in federal habeas corpus and such claim should be dismissed.

be **DENIED and DISMISSED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable John Preston. Bailey, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: July 26, 2012

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE